The Honorable Brent Haltom Prosecuting Attorney Miller County Courthouse Texarkana, AR 75502
Dear Mr Haltom:
This is in response to your request for an opinion regarding the Arkansas Freedom of Information Act ("FOIA"), which is codified at A.C.A. § 25-19-101 et seq. (1987, Supp. 1989, Advance Code Service 1990-91). Your question pertains to records of the Miller County Law Library Committee. You state that it is your understanding that the records in question have been turned over to the Arkansas Supreme Court Committee on Professional Conduct ("Committee"). You have asked whether the records are public records under the FOIA, and if so, whether they should be released pending investigation by the Committee.
If the records in question are in fact in the possession of the Committee, it is my opinion that the confidentiality provisions of the court rules on professional conduct will be applicable.See "Rules of the Court Regulating Professional Conduct of Attorneys at Law," Rule 5(B)(5). Rule 5(B)(5) states in pertinent part as follows:
 Except for the public hearings and filings specified in these Rules, the Executive Secretary and members of the Committee shall keep confidential the activities and files of the Committee, unless it is necessary to divulge information for disbarment purposes, or for release of statistical data, or if the attorney about whom an inquiry is made waives the confidentiality of the information in writing.
Application may therefore be made to the Committee in order to determine whether any of the above exceptions to the confidentiality requirement would allow for release of the records. It must be recognized as a general matter, however, that the Commission's files are not subject to inspection and copying under the FOIA.[1] See also Att'y Gen. Op. No. 90-217 (copy enclosed). This office has previously opined that to the extent the Supreme Court rules on professional conduct provide for the confidentiality of records that would otherwise be characterized as "public records" under the FOIA (A.C.A. §25-19-103), the documents are exempted from the FOIA under A.C.A. § 25-19-105(b)(8) as "[d]ocuments which are protected from disclosure by order or rule of court." Id.
The confidentiality provision only applies, however, to theCommittee's files. Records kept or maintained by the Law Library Committee are, in my opinion, "public records" under the FOIA, and as such are generally open to inspection and copying by any citizen of the State of Arkansas during the regular business hours of the custodian of the records. A.C.A. §§ 25-19-103 and — 105 (1987 and Advance Code Service 1990-91). Records in the possession of the Law Library Committee must, of course, be viewed with an eye toward the possible application of any exemptions under the FOIA. A.C.A. § 25-19-105(b) (Advance Code Service 1990-91). It does not appear, however, that any exemption would apply with respect to bank account records kept or maintained by the Library Committee.
Correspondence attached to your request suggests that an FOIA request for access to the records was made before the records were turned over to the Professional Conduct Committee. The request was apparently denied at that time. It is my opinion that this denial was in all likelihood contrary to the FOIA, and that a court would have so found had the requester immediately appealed the denial to the appropriate court pursuant to A.C.A. §25-19-107 (Supp. 1989). Once the records were turned over to the Professional Conduct Committee, however, the aforementioned confidentiality provisions became applicable. If the records are now in the files of the Committee, application will have to be made to that Committee for an exception to this confidentiality. Consideration may be given to the applicability of any penalty under the FOIA for the negligent violation of the act. A.C.A. §25-19-104 (Supp. 1989). This will, however, require factual determinations within the province and discretion of the Prosecuting Attorney or City Attorney.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:arb
[1] The "filings" referenced in Rule 5(B)(5), above, are letters of caution, reprimand, or suspension and monthly filings that must be made as a matter of public record. See Rule 5 (B)(2),(4), (5).